**SECURITY SAVINGS & COMMERCIAL BANK v. AUKAM, Municipal Court Judge.**

No. 7679.

United States Court of Appeals for the District of Columbia.

Decided May 26, 1941.

Julius I. Peyser and Richard B. Talley, both of Washington, D. C., for appellant.

Elwood H. Seal, Vernon E. West, and James W. Lauderdale, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and RUTLEDGE, Associate Justices.

MILLER, Associate Justice.

Appellant, as plaintiff in the Municipal Court of the District of Columbia, secured a judgment against Jerome Eluto and Lizzie Eluto. Thereafter, an attachment with interrogatories was served upon the garnishee, Jacobs. Jacobs answered three interrogatories and did not answer two others. Appellant, thereupon, presented the garnishment and answers to appellee, one of the judges of the Municipal Court, who refused appellant's demand that a judgment of condemnation be entered against Jacobs. Appellant then complained in the District Court against appellee and requested that court to direct appellee to grant judgment of condemnation against the garnishee. The District Court properly granted appellee's motion to dismiss the complaint.

The District of Columbia Code provides that "if the garnishee shall have failed to answer the interrogatories served on him, or to appear and show cause why a judgment of condemnation should not be entered, such judgment shall be entered against him for the whole amount * * . *."[1] Appellant relies upon the opinion of this court in Ostrow v. McNeal.[2] But that opinion makes clear that whether interrogatories are proper or the answers thereto sufficient, are questions which, in their determination, call for the exercise of judicial discretion. The exercise of such discretion can be reviewed in the manner provided by law;[3] but the District Court is not empowered to require the judges of the Municipal Court to decide either question, one way or the other. Under the circumstances, the relief which appellant sought was not available to it, and was properly denied.

Affirmed.

[1] D.C.Code (1929) tit. 24, § 295.
[2] 68 App.D.C. 69, 93 F.2d 228, certiorari denied 302 U.S. 764, 58 S.Ct. 410, 82 L.Ed. 593.
[3] D.C.Code (1929) tit. 18, § 29.